## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

PHILIP M. KING                                                    PLAINTIFF

V.                                        CAUSE NO. 1:11CV224-LG-RHW

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS, ERIC K.
SHINSEKI in his official capacity as
the Secretary of the United States
Department of Veterans Affairs,
UNITED STATES DEPARTMENT OF
LABOR, HILDA L. SOLIS in her official
capacity as Secretary of the United
States Department of Labor, and JOHN
DOES 1-10                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [17] filed by Defendants

United States of America, United States Department of Veterans Affairs, Eric K.

Shinseki in his official capacity as Secretary of the United States Department of

Veterans Affairs, United States Department of Labor, and Hilda L. Solis in her

official capacity as Secretary of the United States Department of Labor.

Defendants move to dismiss this action for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiff Philip M. King has

filed a response [21] in opposition to the motion, and Defendants have filed a reply

[23].  The Court has reviewed the parties' briefs and the relevant law.  For the

reasons discussed below, the motion is granted.

## BACKGROUND

King was injured in Baghdad, Iraq, while serving the United States. He was diagnosed with ruptured discs in his neck and back, radiculopathy, and nerve entrapment in his arms and legs. As a result, the Department of Veterans Affairs (hereinafter "the VA") awarded King a combined disability rating of eighty percent (80%). King sought to have his disability rating increased to one hundred percent (100%), and in the course of doing so, submitted information to the VA about his status as a recipient of social security disability and workers' compensation benefits. Instead of increasing King's disability rating, the VA terminated his benefits "based on an apparent misunderstanding . . . regarding the ability to simultaneously receive VA benefits and workman's compensation benefits." (Compl. 4 (¶ 13), ECF No. 1). Then, the VA Collection Department attempted to collect benefits from King that had already been paid to him. His Combat disability payments were also discontinued and terminated.

King sought to have his benefits reinstated by the VA. He provided letters in his support from the Department of Labor and his private insurer. He made multiple phone calls and sent correspondence to both agencies, but was denied any help. King submitted a Freedom of Information Act (FOIA) request relating to his benefits, and he claims that "individuals within the agencies removed certain key

documents from his FOIA packet." (Compl. 5 (¶ 21), ECF No. 1).[1]  According to the

complaint, eventually King spoke directly with "Counsel for the VA," and explained

what had happened, and then the VA overturned its decision.  (Compl. 5 (¶ 23),

ECF No. 1).  King received the benefits to which he was entitled in full, including

back pay and interest.  (Pl.'s Mem. 3, ECF No. 21).

King's complaint alleges claims pursuant to the Federal Tort Claims Act

(FTCA), 28 U.S.C. § 2671 *et seq.*, and 28 U.S.C. § 1346(b)(1), seeking damages for

property and personal injuries he alleges were caused by the Defendants.  He

claims that as a result of the denial of his benefits, and the collection actions taken

by Defendants, he suffered financial difficulties as well as personal and marital

problems.  King alleges that the VA's conduct constitutes abuse of process and

interference with contractual rights under Mississippi law, and that under 28

U.S.C. § 2680(h), the United States is liable for damages.  He further alleges claims

of "common law malice and actual malice," "negligence and/or gross negligence,"

and the common law tort of outrage. (Compl. 5-9 (¶¶ 24-57), ECF No. 1).  King

seeks compensatory and punitive damages and attorney's fees. (*Id.* at 10.)

Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1).  Defendants' motion makes two arguments: (1) under the

Veterans Judicial Review Act, this Court does not have jurisdiction to review King's

---

[1] It does not appear that King alleges a FOIA claim in any count in his complaint.  He does not address any such claim in his brief in opposition to the Motion to Dismiss.  To the extent any FOIA claim was ever alleged, the Court considers it abandoned.

clams, which challenge the VA's decisions affecting King's veterans benefits, and (2) King's state law tort claims are barred by the doctrine of sovereign immunity under 28 U.S.C. § 2680(h).

King responds that he is not seeking review of his benefits, and therefore he lacks standing to appeal to the Court of Veterans Appeals.  (Pl.'s Mem. 9, ECF No. 21).  King claims he "is seeking compensation for damages he sustained as a result of individual torts . . . in addition to the benefit award already received." (*Id.* at  3.) King further submits that he alleges state law claims that are properly before this Court, and that "policy espoused by Congress" in the Administrative Procedure Act and the FTCA "clearly require judicial review" when veterans "will be assisted by resolution of the issue."  (*Id.*)

**DISCUSSION**

*Standard of Review*

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The plaintiff, as the party asserting jurisdiction, bears the burden of proof that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Lowe v.*

-4-

*Ingalls Shipbuilding*, 723 F.3d 1173, 1177 (5th Cir. 1984). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The Court liberally construes King's complaint in reviewing the Motion to Dismiss.

*Subject Matter Jurisdiction and the Veterans Judicial Review Act*

The Veterans Judicial Review Act (VJRA) provides "a specific appellate review mechanism" for claims related to veterans' benefits. *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992). Enacted in 1988, the VJRA "provided veterans with their day in court." *Bates v. Nicholson*, 398 F.3d 1355, 1363 (2005) (citing *Forshey v. Principi*, 284 F.3d 1335, 1344-45 (Fed. Cir. 2002) (en banc) (additional citation omitted)). While the VJRA "continued to broadly bar judicial review of benefits decisions" under § 511(a),[2] it made changes to the existing structure for the administrative review of such decisions, and created a new Article

_____

[2] The predecessor to § 511(a) was § 211(a), which provided:

> [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans or their survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by any action in the nature of mandamus or otherwise.

38 U.S.C. § 211(a) (quoted in *Johnson v. Robison*, 415 U.S. 361, 365 n.5 (1974)).

I Court, the Court of Veterans Appeals. The Court of Veterans Appeals provided for "independent judicial review of the Board's final decision" regarding benefits claims. *Id.* at 1364. The effect of the VJRA "was to generally place judicial review of Secretarial decisions 'under a law that affects the provision of benefits' within the specialized review process." *Id.* As a matter of policy, "Congress plainly preferred this approach" because it placed the review of veterans' claims in an independent court, rather than district courts that "lacked the necessary expertise." *Id.*

Under the statutory scheme of the VJRA, a veteran may appeal the Secretary's initial decision to the Board of Veterans' Appeals, and from there to the United States Court of Appeals for Veterans Claims ("CVA"), and then to the United States Court of Appeals for the Federal Circuit. *Hicks,* 961 F.2d at 1369. *See also Larrabee by Jones v. Derwinski*, 968 F.2d 1497 (2nd Cir. 1992) (discussing legislative history of the VJRA).

In their Motion to Dismiss, Defendants assert that while King couches his complaint in terms of tort violations, he essentially seeks review of the agency's decisions regarding his benefits, and therefore his claims are not properly in this Court. They argue that "the gravamen of [King's] Complaint is that he was wrongfully denied veterans' benefits for a period of time," and this Court is precluded from reviewing the VA's determinations under 38 U.S.C. § 511(a). (Defs.' Mem. 9, ECF No. 18).

The crux of King's complaint is that he was injured, financially and otherwise, when his benefits were terminated, and that he continued to be injured

by the VA's subsequent refusal to reinstate those benefits, and again when the VA

Collection Department sought to recover benefits already paid to him.  He alleges

that these actions were a result of either the negligence – or worse, malice – of the

federal employees who were reviewing his claim or otherwise making decisions

regarding his benefits.  Taking the allegations in King's complaint as true, the

Plaintiff vividly describes a frustrating, and at times, torturous administrative

ordeal.  However, based on the language of 38 U.S.C. § 511(a), the authorities cited

in the parties' briefs, and additional case law reviewed by the Court, the Court finds

that it lacks subject matter jurisdiction..

Judicial review of the VA's determinations with respect to veterans' benefits

is limited by 38 U.S.C. § 511(a).  That statute provides:

> The Secretary shall decide all questions of law and fact
> necessary to a decision by the Secretary under a law that
> affects the provision of benefits by the Secretary to
> veterans or the dependents or survivors of veterans.
> Subject to subsection (b), the decision of the Secretary as
> to any such question shall be final and conclusive and
> *may not be reviewed by any other official or by any court,*
> whether by an action in the nature of mandamus or
> otherwise.

38 U.S.C. § 511(a) (emphasis added).[3]

The Court finds that § 511(a) forecloses it from exercising jurisdiction over

King's claims in this action "because underlying [King's] claim[s] is an allegation

that the VA unjustifiably denied him a veterans' benefit."  *See Price v. United*

---

[3] The statute lists several exceptions to this provision, *see* 38 U.S.C. 511(b),
but King does not allege his claims fall within any of them.

*States*, 228 F.3d 420, 421 (D.C. Cir. 2000).  *See also Veterans for Common Sense, v. Shinseki, et al.*, –F.3d–, 2012 WL 1574288 at *4-10 (discussing Article III and the jurisdiction of the district courts with respect to veterans' claims, and concluding that "§ 511 precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions'") (quoting *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997)).  In order to determine whether the federal defendants acted with negligence or malice with respect to King, this Court would necessarily have to make some determination with regard to whether the VA was justified in initially terminating King's benefits.  That decision, and the subsequent decision(s) not to reinstate those benefits, are not reviewable by this Court under the limitations set forth by § 511(a).  *See Price*, 228 F.3d at 422 (affirming district court's dismissal of what it construed as a tort claim "[b]ecause a determination whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling Price's request for reimbursement," and noting that "courts have consistently held that a federal district court may not entertain claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citations omitted).

King maintains that § 511(a) is not a bar to his claims, and that his claims are properly outside the VJRA process.  He argues that he "cannot appeal his benefits decision because the VA has already awarded him full benefits of 100%, back pay and interest." (Pl's. Mem. 3, ECF No. 21).  The VA's reinstatement of King's benefits with back pay and interest indicates that the agency determined,

presumably, that King had been entitled to benefits all along.  As King admits, he has been "made whole" with respect to his veterans' benefits.  (Pl.'s Mem. 9 n.14, ECF No. 21).  But the damages King seeks to collect in this action are nevertheless based on hardships he suffered as a result of the agency's decision to terminate his benefits, and its refusal to reinstate the same.  Based on the facts alleged, the Court could not find that the Defendants' conduct constitutes a tort, and issue a judgment awarding damages to King, without being required to engage in *some* review of the judiciousness of the VA's determination to terminate his benefits in the first place.  According to his complaint, it was that determination that triggered the subsequent

chain of events that King alleges caused his damages.[4]

The Court finds that King's case is analogous to *Dambach v. United States*, 211 F. App'x. 105 (3rd Cir. Oct. 27, 2006) (per curiam), in which the United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the plaintiffs' claims for lack of subject matter jurisdiction. Dambach had undergone a "nine-year odyssey" in an effort to receive disability benefits from the VA, during which he was denied repeatedly (over thirteen times, in total). *Id.* at 106. The VA ultimately awarded him full disability benefits. Dambach and his family filed a complaint alleging claims under the FTCA on the basis that Dambach was denied

---

[4] In the Court's view, the VA's actions in attempting to collect benefits already paid to King presents a closer jurisdictional question. However, the referral to the collection department still relates to the provision of benefits, and the VA's determination at that time that King was not entitled to them. Under the factual circumstances of this case, the complaint as a whole relates to the VA's payment and provision of benefits. The Court, therefore, finds King's case distinguishable from cases in which plaintiffs have been permitted to proceed in tort and avoid the bar of 38 U.S.C. § 511(a). *See, e.g.*, *Thomas v. Principi*, 394 F.3d 970, 974-75 (D.C. Cir. 2005) (holding that *pro se* plaintiff's medical malpractice claims, arising out of the VA's failure to inform the plaintiff that a VA doctor had diagnosed him with schizophrenia, were **not** barred by § 511(a) because they did not allege that the VA failed to pay for treatment and did not require a review of an actual decision by the Secretary; the alleged tort of withholding information was separate from a denial of benefits). *See also Broudy v. Mather*, 460 F.3d 106, 114 (D.C. Cir. 2006) (where plaintiffs alleged constitutional violation, the D.C. Circuit explained that its "cases make clear that, while the Secretary is the sole arbiter of benefits claims and issues of law and fact that arise during his disposition of those claims, district courts have jurisdiction to consider questions arising under laws that affect the provision of benefits as long as the Secretary has not actually decided them in the course of a benefits proceeding," and allowed the claims to go forward because they did not require the district court to revisit any decision made by the Secretary in the course of making benefits determinations.) Here, if the court were to adjudicate King's tort claims, it would essentially be reviewing a decision previously made by the Secretary in the course of a benefits proceeding.

benefits because of the VA employees' "gross negligence, wrongful acts, omissions, and frivolous conduct," among other things. *Id.* They claimed that the § 511(a) jurisdictional bar did not apply because they did not challenge the VA's ultimate decision. The Third Circuit disagreed, noting that the "Dambachs challenge earlier denials of a claim for benefits as well as related decisions on questions of fact and law. Such challenges are not within the purview of judicial review in the District Court." *Id.* at 108. Here, King is also essentially challenging an "earlier denial" of a claim, but not the ultimate outcome of that claim, and other "related decisions." Like the court in *Dambach*, this Court is precluded from adjudicating such challenges.

The Court is also persuaded by *Hicks v. Small*, 842 F.Supp. 407 (D. Nev. 1993), *aff'd* 69 F.3d 967 (9th Cir. 1995), in which the district court concluded that plaintiff's claim of outrage, or intentional infliction of emotional distress, under state law "essentially challenge[d] a reduction of Plaintiff's benefits." 842 F.Supp. at 413. The plaintiff filed a complaint against the VA alleging that his VA doctor reduced his benefits in retaliation for the plaintiff's complaints about the doctor and the VA medical center. The court found that if the plaintiff were to proceed with his tort claim, "it would be necessary to consider issues of law and fact involving the decision to reduce Plaintiff's benefits." *Id.* To do so "would involve judicial review of a decision of the Secretary of the Department of Veterans Affairs regarding Plaintiff's benefits as a veteran." *Id.* at 414. The court therefore dismissed the

plaintiff's state law tort claims on the grounds that § 511(a) barred jurisdiction.
The United States Court of Appeals for the Ninth Circuit affirmed. *See Hicks v.
Small*, 69 F.3d 967, 970 (9th Cir. 1995) ("We also agree with the district court that
determination of Hicks' tort claims would necessitate a 'consider[ation of] issues of
law and fact in involving the decision to reduce [Hicks'] benefits,' a review
specifically precluded by 38 U.S.C. § 511.").  Likewise, a determination of King's
tort claims would require this Court to consider issues of law and fact involved in
the VA's decision to terminate King's benefits.  This would be improper under the
language of § 511(a).  *See Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996)
(where plaintiff challenged denial of benefits and alleged various torts, including
conspiracy to lose his records and fraud and misrepresentation, plaintiff's claims
were barred under 38 U.S.C. § 511(a) because "without exception, they [sought]
review of actions taken in connection with the denial of [plaintiff's] administrative
claim for benefits"), *See also Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995)
(affirming dismissal of constitutional claim where his complaint was, despite being
pled in terms of a constitutional challenge,  actually a challenge to the VA's decision
to deny him benefits).

Finally, King's brief in opposition to the Motion to Dismiss maintains that he
has exhausted his administrative remedies, and he lacks standing to appeal
through the procedure set forth in the VJRA.  But whether King could successfully
appeal through the administrative process is not the issue before this Court.  The
only question presented to *this* Court is whether this the District Court can exercise

jurisdiction over King's claims.  The Court finds that under the language of §

511(a), it may not.  The provisions of the VJRA preclude this Court from hearing

King's claims in this action.  Accordingly, Defendants' motion to dismiss will be

granted on this basis.

      *Federal Tort Claims Act*

      Defendants also argue that King's tort claims against the United States are

barred by the doctrine of sovereign immunity.  The Court will briefly address this

issue.

      The FTCA provides that a suit against the United States shall be the

exclusive remedy for persons with claims for damages resulting from the negligent

or wrongful acts or omissions of federal employees while acting within the scope of

their office or employment. 28 U.S.C. § 2679(b)(1).  State law is "the source of

substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

However, "the United States is immune from suit unless it has waived its immunity

and consented to suit." *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995).

Federal courts are without subject matter jurisdiction to hear suits against the

United States unless there has been a waiver of sovereign immunity. *United States

v. Sherwood*, 312 U.S. 584, 591 (1941).  Waivers of sovereign immunity are

construed strictly in favor of the sovereign.  *Life Partners Inc. v. United States*, 650

F.3d 1026, 1032 (5th Cir. 2011).  "Sovereign immunity cannot be avoided by suing

individual Federal departments, such as the VA." *Helfgott v. United States*, 891

F.Supp. 327, 329 (S.D. Miss. 1994).

Because this is an action under the FTCA in which King complains of actions taken by the Defendants in their official capacities, the United States is the proper defendant, not the agencies or individual persons.[5]  With respect to the FTCA claims against the United States, Defendants assert that King's tort claims of abuse of process and interference with contractual rights are barred because the United States has not waived its sovereign immunity with respect to these claims.  The Court agrees.

King's complaint asserts that "Defendants' malicious interference and/or gross negligence with [his] contractual right to . . . [b]enefits amounts to an abuse of process as contemplated within 28 U.S.C. [§] 2680(h)." (Compl. 4 (¶19), ECF No. 1).  Five of the eight counts in his complaint consist of allegations of violations of 28 U.S.C. § 2680, abuse of process, and interference with contractual rights.  (Compl. 5-9 (¶¶ 24-34, ¶¶ 43-50), ECF No. 1).  In his response to the Motion to Dismiss, King asserts that his complaint alleges "Abuse of Process, Libel, Misrepresentation, Deceit, Interference with Contractual Rights, Intentional Infliction of Emotional

---

[5] King's FTCA claims against all Defendants except the United States should be dismissed for lack of subject matter jurisdiction.  *Atorie Air, Inc. v. FAA of the U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991).

Distress, etc."[6] (Pl.'s Mem. 6 n.12, ECF No. 21).  However, under the language of the

FTCA, the United States has not waived its sovereign immunity with respect to any

of these claims.  28 U.S.C. § 2680 governs exceptions to the United States' waiver of

immunity under the FTCA.  It provides in pertinent part:

> The provisions of this chapter and section 1346(b) of this
> title shall **not** apply to--
> . . .
>
> (h) Any claim arising out of . . .  abuse of process, libel, . . .
> misrepresentation, deceit, or interference with contract
> rights[.]

28 U.S.C. § 2680 (emphasis added).[7]  Therefore, the United States has not waived

its immunity with respect to the above-listed claims, and the Court therefore lacks

---

[6] The complaint does not contain references to libel, misrepresentation, or deceit.  Additionally, King's response to the Motion to Dismiss argues that he alleges separate state law claims against Defendants Borden and White personally, but the United States has been substituted as a party in place of those defendants. Borden and White have been terminated.  *See* Text Only Order, Aug. 4, 2011, granting [13] Motion to Substitute Party.

[7] Section 1346(b) provides:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions
> on claims against the United States, for money damages . . . for injury
> or loss of property, or personal injury . . . caused by the negligent or
> wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, under
> circumstances where the United States, if a private person, would be
> liable to the claimant in accordance with the law of the place where the
> act or omission occurred.

> 28 U.S.C. § 1346(b).

subject matter jurisdiction over them.[8]  To the extent King brings claims not listed in the specific exceptions under 28 U.S.C. § 2680(h), those claims are also barred by the doctrine of sovereign immunity because the conduct King complains of, and alleges caused his damages, arises out of these excepted causes of action. *See Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) ("Causes of action distinct from those excepted under § 2680(h) are nevertheless barred when the underlying governmental conduct 'essential' to the plaintiff's claim can be fairly read to 'arise out of' conduct that would establish an excepted cause of action.") (quoting *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1993)).

CONCLUSION

This Court lacks subject matter jurisdiction over the claims alleged in King's complaint.  Accordingly, Defendants' Motion to Dismiss is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [17] is **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2012.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[8] In his response to the Motion to Dismiss, King makes the argument that judicial review is appropriate in this case under the Administrative Procedure Act. However, as Defendants note, King's complaint makes no reference to jurisdiction under the APA.  Moreover, the APA does not waive sovereign immunity from monetary damage awards. *See* 5 U.S.C. § 702; *Lane v. Pena*, 518 U.S. 187, 196 (1996).